IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE WILLIAMS,

      Plaintiff,                       No. 2:12-cv-1438 GEB GGH P

      vs.

JAMES WEDELL, et al.,

      Defendants.            <u>FINDINGS & RECOMMENDATIONS</u>

_____/

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis.

      28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees.  However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

1

The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). 28 U.S.C. § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Dismissal of an appeal as frivolous after a district court dismissal on grounds that the action was frivolous counts as a separate strike. Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). However, Adepegba qualifies that insofar as affirmance only finds no error at district court level, affirmance should not count as separate strike.[1] Id., at 387. On the other hand, when the appeal is frivolous on a separate ground, then the appeal dismissal is also a strike. Id. at 388. See also Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002); Moran v. Sondalle, 218 F.3d 647, 651-52 (7th Cir. 2000) (both noting that frivolous appeals count as a strike). In a recent case, Silva v. Di Vittorio, 658 F.3d 1090 (9th Cir. 2011), the Ninth Circuit held that a district court strike was not final until an appeal had been resolved.

Plaintiff has filed 38 cases in this court since 2005. The court takes judicial notice of the following cases which count as strikes:[2] (1) Williams v. Gonzales, 1:03-cv-6770 REC WMW P (E.D. Cal. Sept. 10, 2004) (order designating plaintiff as a three strikes litigant under 28 U.S.C. § 1915(g)); (2) Williams v. Andrews, 1:01-cv-6222 REC HGB P (E.D. Cal. Feb. 22, 2002) (order dismissing action for failure to state a claim); (3) Williams v. Wood, 1:01-cv-6151 REC LJO P (E.D. Cal. Feb. 28, 2002) (order dismissing action with prejudice for failure to state

---

[1] It also follows that an appellate court reversal would nullify a strike. Adepegba v. Hammons, 103 F.3d at 387.

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  a claim); and (4) Williams v. Rendon, 1:01-cv-5891 AWI SMS P (E.D. Cal. Mar. 18, 2002)
2  (order dismissing action for failure to state a claim)).

3  Nor is the instant case subject to the exception for a plaintiff subject to "imminent
4  danger of serious physical injury." 28 U.S.C. § 1915(g). That exception "applies if the
5  complaint makes a *plausible* allegation that the prisoner faced 'imminent danger of serious
6  physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir.
7  2007) (emphasis added). The underlying claim in the complaint states that defendants breached
8  plaintiff's medical confidentiality and denied plaintiff emergency medical treatments on May 3,
9  2012, and May 11, 2012, regarding his HIV treatment. Plaintiff filed the instant complaint on
10  May 22, 2012, so it does not appear that plaintiff exhausted his claims at the prison and it is
11  possible that plaintiff has since received his treatments. In another case before the undersigned,
12  Williams v. Ball, 2:10-cv-1697 JAM GGH P, plaintiff filed a similar case a few days after he was
13  allegedly denied HIV treatment without first working through the prison medical process. That
14  case was dismissed as plaintiff failed to follow court orders.

15  In the instant case plaintiff does not specifically state he is in imminent danger
16  from the lack of medication, rather plaintiff states that he is constantly being poisoned with
17  deadly biological agents and toxins by prison officials. The undersigned also notes that plaintiff
18  has filed several cases in this court and stated there was imminent danger due to arsenic
19  poisoning to avoid § 1915(g). As for the alleged poisoning, U.S. Magistrate Judge John F.
20  Moulds recognized in one of plaintiff's many cases filed with this court, that he has been alleging
21  arsenic poisoning since 2006 and the plausibility of his claims in this regard are belied by the fact
22  that plaintiff remains alive today despite alleged arsenic poisoning for more than five years by
23  dozens of prison officials. See Williams v. Murray, 2:11-cv-0069 MCE JFM P (E.D. Cal.),
24  Order filed June 10, 2011 (Doc. No. 9), at 3 (denying plaintiff's motion for reconsideration of an
25  order finding that § 1915(g) barred plaintiff from proceeding in forma pauperis and citing several
26  other of plaintiff's actions that allege poisoning). The undersigned agrees with the observations

of Magistrate Judge Moulds and finds that the imminent danger exception under § 1915(g) is not available to plaintiff in this case in light of the implausibility of his allegations regarding the danger posed to plaintiff.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's in forma pauperis application (Doc. 11) be denied for the reasons set forth above and plaintiff shall pay the filing fee in full within 28 days if these Findings and Recommendations are adopted. Failure to pay the filing fee will result in a recommendation that this case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 15, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
will1438.ifp